IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:01-CR-3106 |
| vs. | |
| JOHN E. DAVIS, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the defendant's second motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Filing 515. The defendant's motion will be denied.

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a defendant may (after exhausting his administrative remedies) move for reduction of his term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. And pursuant to U.S.S.G. § 1B1.13(2), the Court must also find that the defendant is not a danger to the safety of any other person or to the community.[1]

---

[1] Section 1B1.13 has not yet been amended in response to the statutory changes wrought by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194 (2018), and so no longer remains "applicable" guidance for the current version of § 3582(c)(1)(A)(i), but the Court may consider the criteria set forth in § 1B1.13 to the extent they remain helpful and relevant. *United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020). The Court also notes that the pending proposed amendment to § 1B1.13 also

The procedural history of this case was recited in detail by Judge Kopf, the sentencing judge, in his 2020 order denying the defendant's first motion. Filing 507 at 1-5. The defendant has sufficiently shown exhaustion of administrative remedies with respect to his present motion. *See* filing 516 at 36. His initial *pro se* brief asserted four separate grounds for relief: (1) *United States v. Booker*, 543 U.S. 220 (2005); (2) the COVID-19 pandemic; (3) the unusually harsh prison conditions he's experienced as a result of the pandemic, and (4) his age and efforts at rehabilitation. *See* filing 516 at 1-33. The reply brief in support of his motion, filed through counsel, asserts an additional ground: (5) medical circumstances diminishing his ability to provide self-care, pursuant to § 1B1.13 cmt. n.1(A)(ii).

### 1. UNITED STATES V. BOOKER

The Supreme Court held in *Booker* that the Guidelines, previously mandatory, were effectively advisory. 543 U.S. at 245. The defendant points out that he was sentenced before *Booker* was decided, but contends that "[t]oday, in a post-*Booker* world, the defendant would not be faced with mandatory sentencing guidelines, and he would likely face a different sentence." Filing 516 at 10. There are two problems with that argument.

The first is that while the defendant was sentenced before *Booker*, it was <u>barely</u> before *Booker*. As a result, the Eighth Circuit's decision affirming his convictions and sentence was vacated by the Supreme Court and remanded for further consideration in light of *Booker*. *See United States v. Davis,* 357 F.3d 726 (8th Cir. 2004), *cert. granted, judgment vacated,* 543 U.S. 1099 (2005). And

---

retains the requirement that the Court consider the § 3553(a) factors, and that the defendant not be a danger to the safety of any other person or to the community. *See* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 7180, 7184 (proposed Feb. 2, 2023).

on remand, the Eighth Circuit reinstated its original panel decision after expressly considering and rejecting the argument the defendant offers now:

> In the first appeal, we affirmed the district court's calculation of the then-mandatory Guidelines range, which was 360 months to life, and Davis cannot quarrel with that calculation now; if this case were to be remanded, it would become the correct *advisory* Guidelines range. Faced with that range, the district court sentenced Davis to life in prison, the top of the range. Davis cannot establish that he would have received a more favorable sentence if the district court had sentenced him under an advisory scheme consistent with *Booker* when the district court, applying the Guidelines as mandatory, did not use what discretion it had to sentence him to a lower sentence within the properly-calculated Guidelines range.

*United States v. Davis*, 442 F.3d 681, 684 (8th Cir. 2006). That decision is binding on this Court, and even if it weren't its reasoning is applicable.

The second problem with the defendant's argument is that he's since been resentenced anyway—long after *Booker*—because of a retroactively applied Guidelines amendment. Filing 492. And again, Judge Kopf sentenced the defendant to the higher end of the amended Guidelines range. *See* filing 507 at 5. In other words, the sentence the defendant is currently serving actually was imposed in a post-*Booker* world.

### 2. COVID-19

The defendant argues at length that, due to his medical conditions, he is at increased risk due to the COVID-19 pandemic. Filing 516 at 10-24. Some of

the defendant's claimed medical conditions have less of a connection to COVID-19 vulnerability than others, but the Court accepts the defendant's contention that he is at higher risk of severe COVID-19 disease than the general population.

That said, the defendant has been vaccinated *and* has a previous infection, *see* filing 516 at 21, and given that, it may be necessary to articulate more specifically what "extraordinary and compelling reasons" might warrant release—for instance, a showing that the inmate is unable to benefit from the vaccine, *see United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). "[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *Id.*; *accord United States v. McRae*, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022); *United States v. Gatson*, No. 21-2749, 2021 WL 5632079, at *1 (3d Cir. Dec. 1, 2021); *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *see United States v. Patel*, No. 21-1746, 2022 WL 1634454, at *2 (2d Cir. May 24, 2022). And to the extent that the defendant argues that he *has* suffered consequences from COVID-19—*see* filing 530—it's not clear to what extent he faces *additional* risks as a result of further incarceration.

But more importantly, the Court also considers the § 3553(a) factors.[2] And Judge Kopf aptly explained, in denying the defendant's previous motion

---

[2] The Court has again noted the proposed amendment to § 1B1.13, which includes a new subsection (b)(1)(D) pertinent to this argument: Extraordinary and compelling circumstances include when

> (i) the defendant is housed at a correctional facility affected or at risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an

for compassionate release, why the § 3553(a) factors weigh against the defendant. *United States v. Davis*, No. 4:01-CR-3106, 2020 WL 5893966, at *4-6 (D. Neb. Oct. 5, 2020), *aff'd,* No. 20-3214, 2020 WL 9257216 (8th Cir. Oct. 23, 2020). The Court agrees with Judge Kopf's reasoning.

### 3. HARSH PRISON CONDITIONS

The defendant argues that he "has experienced unusually harsh conditions as a consequence of the lockdown measures undertaken to control the spread of COVID-19 by the Federal Bureau of Prisons." Filing 516 at 25. That, he says, means his sentence was more punitive than originally intended, warranting a reduced sentence. *See* filing 516 at 25.

The Court finds no merit to that argument, for three reasons. First, the Court is unpersuaded that the defendant can argue on the one hand that he should be released because the Bureau of Prisons hasn't effectively controlled the spread of COVID-19, and on the other hand that he should be released because of measures taken by the Bureau of Prisons to control the spread of COVID-19. Second, the Court is unpersuaded that the unusual conditions of the past three years warrant discharging the remaining 10 years or so of his

---

    ongoing public health emergency declared by the appropriate federal, state, or local authority;

        (ii) the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

        (iii) such risk cannot be mitigated in a timely or adequate manner.

88 Fed. Reg. at 7184. But even assuming the defendant has proved subsections (i) and (ii), the defendant has fallen short on subsection (iii). And more importantly, the § 3553(a) factors are still pertinent.

30-year sentence. But most fundamentally, the Court is simply not persuaded that the prison conditions occasioned by the pandemic are "extraordinary and compelling." Compelling, not really...but *certainly* not "extraordinary," given that every prisoner in the federal system has had the same experience.

### 4. AGE AND REHABILITATION

In the final argument of his *pro se* brief, the defendant points to § 1B1.13 cmt. n.1(B), which provides that extraordinary and compelling reasons for a sentence reduction may exist when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."[3] The Court acknowledges that the defendant meets those criteria. And the defendant points to his prison record and rehabilitation as a basis for concluding that his personal characteristics warrant release. *See* filing 516 at 28-33.

But the § 3553(a) factors also include the nature and circumstances of *the offense* in addition to the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. Judge Kopf imposed this sentence based on the "brutality" the defendant exhibited in committing his "horrific" crimes. Filing 507 at 5, 11. Judge Kopf is not easily shocked, and the record substantiates his assessment. *See, e.g.*, filing 252. The Court agrees that the § 3553(a) factors weigh against release.

---

[3] That provision would be preserved—and moved from a comment to the body of the Guideline—in the proposed 2023 amendment. 88 Fed. Reg. at 7184.

5. MEDICAL CIRCUMSTANCES

Finally, the defendant's counseled reply brief—relying in substantial part on events occurring after the defendant's initial filing—argues for compassionate release pursuant to § 1B1.13 cmt. n.1(A)(ii),[4] which provides that extraordinary and compelling reasons for a sentence reduction may exist when:

> The defendant is—
> (I)    suffering from a serious physical or medical condition,
> (II)   suffering from a serious functional or cognitive impairment, or
> (III)  experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

In support, counsel recites substantial medical evidence describing the defendant's precarious medical condition as a result of a stroke and other progressive diseases. *See* filing 530.

The Court, again, accepts as persuasive the defendant's evidence establishing the basic criteria of § 1B1.13 cmt. n.1(A)(ii). But, the Court notes, there is little reason to believe that the defendant would receive better care outside the federal prison system than he is currently receiving at MCFP Springfield. Exchanging Springfield for a Veterans Affairs facility may well be

---

[4] This provision, too, is preserved in the proposed Guideline amendment and moved from a comment to body text. 88 Fed. Reg. at 7184.

a wash (both in terms of the care available to him and the risk of COVID-19 reinfection). True, that would benefit the defendant by potentially placing him closer to family, and would no doubt be a more comfortable environment even if the baseline care available in Springfield is comparable. But as Judge Kopf explained:

> General deterrence must mean something. Just punishment must mean something. The seriousness of the offense must mean something. Promotion of respect for the law must mean something. These sentencing goals do not disappear because a person is old, sick and vulnerable to the pandemic. Weighing all the § 3553(a)(1)-(7) factors together, Davis must remain in prison.

Filing 507 at 11-12. The Court agrees. The defendant's circumstances may have changed, but the circumstances of his offenses have not. Accordingly,

IT IS ORDERED that the defendant's motion for compassionate release (filing 515) is denied.

Dated this 7th day of April, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

- 8 -